■ A & R CONSTRUCTION Co., INC., Plaintiff, v. NEW YORK STATE ELECTRIC & GAS CORPORATION, Appellant, and GILBERT ASSOCIATES, INC., Respondent, et al., Defendant.— GABRIELLI, J. Appeal from an order dismissing the cross-claim of the appellant against respondent Gilbert Associates, Inc. A contract for the construction and improvement of a facility of the appellant was let to defendant Irwin & Leighton, Inc. (hereinafter referred to as Irwin) who in turn sublet the excavation work to the plaintiff. Respondent contracted with appellant to act as the engineer for the construction of appellant's facility and to make all the necessary studies to review the work and proposals to date and to prepare plans and specifications for the erection of the facility. Because of an alleged defective grid plan (which had been allegedly examined and approved by respondent) submitted to plaintiff and Irwin, it became impossible for plaintiff to meet the requirements of its contract. It is further alleged that an agreement based on *quantum meruit* was then executed by plaintiff, appellant, Irwin and respondent, by the terms of which plaintiff was to be compensated for any necessary extra work. Appellant seeks relief against respondent on the theories of breach of its contract and negligence on the ground that in the preparation of its plans and specifications it failed to discover errors in the grid plan and which ultimately resulted in the alleged damages as claimed by plaintiff. The original claim of the plaintiff also charged both appellant and respondent with negligence, but this claim was dismissed (*A & R Constr. Co.* v. *New York State Elec. & Gas Corp.*, 23 A D 2d 450) on the ground that any cause of action for negligence was superseded by the *quantum meruit* contract. We are, therefore, here dealing only with damages in a complaint based on *quantum meruit*. Appellant has cross-moved against Irwin and respondent claiming they violated their contractual duties and that respondent was negligent in its failure to discover errors in the grid plan and in recommending and approving the plan for execution. Basically, the cross claim alleges that because of its negligence and breach of contract, respondent should be held liable for any recovery by plaintiff on the *quantum meruit* agreement; and that respondent had a contractual duty to discover any defects in the grid plan and, hence, without any such breach, the *quantum meruit* agreement would have been unnecessary. The fact that the cross claim involves a contract different from that upon which suit was brought, will not defeat the cross claim (*50 New Walden* v. *Federal Ins. Co.*, 22 A D 2d 4). This case in our view presents a classic situation for the application of the liberal and expanding practice in claims-over between or among litigants as provided for in CPLR 3019 (subd. [b]) which specifically provides that a cross claim may be asserted against one who " is or may be

liable to the cross-claimant ". In cross claim and third-party matters, all the pleadings are to be considered. The cross claim repeats the allegations contained in the complaint wherein respondent is charged with having, *prior to May 1962*, failed to employ proper standards to determine whether the grid plan was accurate. Again, the moving affidavit of the respondent admits its preparation of plans and specifications *prior* to the letting of the subcontract. Admittedly no formal agreement was entered until 1963, but it appears from the pleadings that there was some contractual arrangement prior to 1963 as well as services performed by respondent for appellant. If in fact the respondent breached its contract with appellant thus creating liability by appellant to the plaintiff, then respondent should be held liable for resulting damages. Order reversed, on the law and the facts, and motion denied, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.